UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA L.,<br><br>                 Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | CASE NO. 3:22-cv-05596-TL<br><br>ORDER AFFIRMING DENIAL OF BENEFITS |

Plaintiff Lisa L. seeks a review of the denial of her applications by Defendant, the Commissioner of Social Security, for Supplemental Security Income (SSI) under Title XVI and Disability Insurance Benefits (DIB) under Title II. Plaintiff contends the Administrative Law Judge ("ALJ") erred (1) in assessing her residual functional capacity ("RFC"), (2) evaluating her symptom testimony, (3) evaluating lay witness testimony, (4) at step three in finding that she did not meet Listing 11.02, and (5) at step five in finding she could perform occupations that require a higher Reasoning Level. Dkt. No. 9. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

ORDER AFFIRMING DENIAL OF BENEFITS - 1

# I. Procedural History

This is the fourth time Plaintiff has sought judicial review of the denial of her benefits.[1] Plaintiff is 60 years old, has at least a high school education, and has worked as a caseworker, social services worker, interviewer, and community college teacher. Dkt. No. 7-19 at 2041–42. Plaintiff first applied for benefits on November 23, 2011, alleging a disability onset date of February 7, 2010. Dkt. No. 7-5 at 3–4, 15–20. Plaintiff's applications were denied initially and on reconsideration. Dkt. No. 7-3 at 94–128. After the ALJ conducted a hearing on April 2, 2014, the ALJ issued a decision on May 16, 2014, finding Plaintiff not disabled. Dkt. No. 7-2 at 19–37, 47–93. On January 19, 2017, the United States District Court for the District of Oregon reversed the ALJ's decision and remanded Plaintiff's case for further proceedings. Dkt. 7-9 at 49–75. After conducting a second hearing, on November 7, 2017, the ALJ issued a new decision finding (1) that based on her application for DIB, Plaintiff was not disabled through her date last insured, and (2) that based on her application for SSI, Plaintiff became disabled on August 7, 2017. Dkt. No. 7-8 at 2–24. After Plaintiff appealed her case, the District of Oregon remanded Plaintiff's case again on December 31, 2018, and the Appeals Council ("AC") directed the ALJ to issue a new decision for the period prior to August 7, 2017. Dkt. No. 7-15 at 7–24, 31. The ALJ held a third hearing and issued a third decision on July 23, 2019, finding Plaintiff not disabled prior to August 7, 2017, and through her date last insured. Dkt. No. 7-14 at 22–74. The District Court of Oregon remanded Plaintiff's case for a third time on November 5, 2021, pursuant to a stipulation of the parties and ordered the AC to instruct the ALJ to consider whether Plaintiff was disabled prior to August 7, 2017. Dkt. No. 7-20 at 44–48. The ALJ held a fourth hearing and issued a

---

[1] The prior actions were all brought in the District of Oregon. However, Plaintiff now resides in Vancouver, Washington. Dkt. No. 1-2 at 2.

fourth decision on May 25, 2022, finding Plaintiff not disabled from her alleged onset date to August 17, 2017. Dkt. No. 7-19 at 2–85.

## II.   LEGAL STANDARD

### A.   Standard of Review

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *see also Havens v. Kijakazi*, No. 21-35022, 2022 WL 2115109, at *1 (9th Cir. June 13, 2022) (applying the standard and reversing ALJ's decision). The ALJ is responsible for evaluating evidence, in part by resolving conflicts in medical testimony and resolving any other ambiguities that might exist. *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. The Court "must consider the entire record as a whole" and may not affirm the ALJ's decision "simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted)). Finally, this Court "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

### B.   The "Disabled" Determination

Under the Social Security Act, a claimant is considered "disabled" if: (1) the individual is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," 42 U.S.C.

§ 1382(c)(a)(3)(A); and (2) "the individual's physical or mental impairment or impairments are of such severity that [the person] is not only unable to do [the person's] previous work but cannot, considering [the person's] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy," 42 U.S.C. § 1382(c)(a)(3)(B). *See also Ford*, 950 F.3d at 1148 (citations omitted).

To determine whether a claimant is disabled within the meaning of the Social Security Act (and, therefore, eligible for benefits), an ALJ follows a five-step sequential evaluation pursuant to 20 C.F.R. § 404.1520(a): (1) the claimant must not be engaged in "substantial gainful activity"; (2) the claimant's impairment or combination of impairments must be severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) the claimant's impairment(s) must meet or equal the criteria of an impairment in the "Listing of Impairments" ("Listings"); (4) the claimant's residual functional capacity (RFC) is assessed and the claimant must not be able to perform their "past relevant work"; and (5) the claimant must not be able to make an adjustment to other work. *See Ford*, 950 F.3d at 1148–49 (same). If the claimant fails to make the required showing at any of these steps, the ALJ's inquiry ends and the claimant is found to not have a disability under the Social Security Act. The burden of proof is on the claimant at steps one through four but shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy" at the fifth step. *Id.* at 1149 (citation omitted).

### III.   DISCUSSION

In this case, the ALJ determined that: (1) Plaintiff has not engaged in substantial gainful activity; (2) prior to August 7, 2017, Plaintiff's fibromyalgia, migraine headaches, aneurysm, a general anxiety disorder, a personality disorder with borderline and histrionic traits, cervical

degenerative disc disease, and ankylosing spondylitis were severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) Plaintiff's impairments did not meet or equal the criteria of an impairment in the Listings; (4) Plaintiff had the RFC to perform light work but could not perform her past work; and (5) based on Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Dkt. No. 7-19 at 8–22. Therefore, the ALJ concluded that Plaintiff was not disabled from her alleged onset date to August 17, 2017. *Id*. at 22.

Plaintiff challenges the ALJ's (1) assessment of her RFC, (2) evaluation of her symptom testimony, (3) evaluation of lay witness testimony, (4) finding at step three that she did not meet Listing 11.02, and (5) finding at step five that she could perform the occupations of routing clerk, collator operator, router, or marking clerk. Plaintiff requests that that this Court reverse the denial of her benefits and remand for a new administrative hearing, or grant "such and further relief" that this court "may deem just and proper." Dkt. No. 9.

**A.      Plaintiff's RFC**

Plaintiff contends the ALJ failed to properly assess her RFC by failing to account for her migraine-related limitations based on the medical opinion evidence provided by Dr. Nikerson Geneve. Dkt. No. 9 at 3–15.

A claimant's RFC is the most a claimant can do considering her limitations or restrictions. *See* Social Security Ruling ("SSR") 96-8p. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). In assessing the RFC, the ALJ must consider the limiting effects of all of the claimant's

impairments, including those that are not severe. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p. An ALJ must assess all the evidence including a claimant's testimony and medical reports to determine what capacity a claimant has for work despite his or her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).

Here, the ALJ found that Plaintiff has the RFC, in pertinent part, to perform light work "in moderate or quieter noise environments." Dkt. No. 7-19 at 11. Plaintiff, however, argues that her migraines are "impacted by other factors than noise, which dictate greater limitations." Dkt. No. 9 at 4.

1. **Medical Opinion**

The Court first notes that in alleging that the ALJ erred in assessing her RFC, Plaintiff seems to assign error to the opinion of Dr. Geneve, a medical expert who testified during the most recent hearing, as it "failed to develop a reasonable understanding of how migraines impacted her work capacity." *Id.* at 5; Dkt. No. 7-19 at 61–75. The Court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the ALJ who determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews*, 53 F.3d at 1039. Thus, the Court's task is to evaluate the ALJ's assessment of the medical opinion, not evaluate the findings of the medical sources in Plaintiff's record.

Here, as directed by the AC, the ALJ employed an impartial medical expert, Dr. Geneve, to testify regarding Plaintiff's RFC. Dkt. No. 7-19 at 15–16. Dr. Geneve, after having reviewed Plaintiff's medical record, testified that Plaintiff should be limited to moderate office noise exposure because of Plaintiff's headaches. *Id.* at 71. The ALJ found Dr. Geneve's testimony

highly credible, weighed it against conflicting medical testimony, and determined that Plaintiff had the RFC, in pertinent part, to work in moderate or quieter noise environments. *See id*. at 11. The ALJ's RFC assessment accurately incorporates and reflects Dr. Geneve's testimony, therefore the Court cannot say the ALJ erred in assessing Plaintiff's RFC based on Dr. Geneve's opinion. *See Rounds*, 807 F.3d at 1006 (finding no error with the ALJ's RFC determination because it "adequately incorporated the opinions" of the medical sources credited by the ALJ). Reviewing the entire record, the Court finds the ALJ's interpretation of the medical evidence to be rational, given the weight of the impartial medical expert opinions of Dr. Geneve. Further, as discussed *infra* Section III.B, the ALJ also took into consideration Plaintiff's testimony regarding her migraines and properly found her statements about the intensity, persistence, and limiting effects of her symptoms inconsistent with the objective medical evidence and her activities of daily living.

Plaintiff also argues there is "[a]dditional medical opinion evidence" which shows the ALJ did not properly account for her migraines, yet fails to point to any medical opinion evidence for the Court to consider. *See* Dkt. No. 9 at 5–6. The Court will only address arguments that are raised with "specificity." *Carmickle v. Comm'r SSA*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)) (finding that the court need not address matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief). Plaintiff's argument lacks the required specificity, therefore the Court declines to address this issue.

2. **SSR 96-8p**

Plaintiff also argues the ALJ failed to comply with SSR 96-8p because the ALJ did not "provide a discussion indicating how the evidence demonstrated a limitation regarding moderate

noise exposure sufficiently addressed [her] migraine impairment." Dkt. No. 9 at 6–7. SSR 96-8p requires that where symptoms are alleged, the RFC assessment must:

- Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;
- Include a resolution of any inconsistencies in the evidence as a whole; and
- Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

SSR 96-8p. Plaintiff's reply focuses almost exclusively on this argument and largely takes issue with "Defendant's attempt to simply discard Plaintiff's testimony" when "the ALJ relied significantly on the testimony of [Plaintiff]." Dkt. No. 11 at 2.

Here, in assessing Plaintiff's RFC, the ALJ considered treatment notes showing Plaintiff's migraines and headaches had improved after undergoing embolization surgery, medication, massages, and acupuncture. *See* Dkt. No. 7-19 at 20. The ALJ's assessment is supported by substantial evidence. As the record shows, while Plaintiff reported longstanding headaches and was assessed for migraines, Plaintiff also later reported that the frequency of her headaches decreased from daily to a couple of times a week after utilizing acupuncture, massages, and medication. *See* Dkt. No. 7-7 at 113, 303, 305–06, 365, 374, 377, 380–81; Dkt. No. 7-13 at 13. Plaintiff claims that "Defendant would like to discount the entirety of Lewis' statements regarding migraines and her respective symptoms and limitations," Dkt. No. 9 at 2, but Plaintiff seems to want to disregard the statements she made regarding the improvement with her migraines. As the Commissioner points out, the ALJ acknowledged throughout the decision that by March 2015, Plaintiff reported having no headaches after her treatment. Dkt. No. 10 at 3, 6 (citing Dkt. No. 7-13 at 13). Plaintiff ignores this fact completely in her reply. Considering that Plaintiff herself reported that her symptoms improved and lessened in frequency (and appeared

to have ceased by March 2015), the ALJ could reasonably then assess that Plaintiff's RFC would only include a moderate noise exposure limitation to address her migraine. The Court, therefore, cannot say that the ALJ failed to comply with SSR 96-8p.

**B.      Plaintiff's Testimony**

Plaintiff contends the ALJ erred in evaluating her symptom testimony by disregarding her statements about the frequency and severity of her migraines. Dkt. No. 9 at 10–15. Plaintiff testified she experienced headaches daily, they are triggered by weather and stress, and they continued even with use of medication. Dkt. No. 7-2 at 63, 65; Dkt. No. 7-8 at 42.

Where as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The Commissioner first points out that because a prior district court has twice affirmed the ALJ's rejection of Plaintiff's testimony, the law of the case doctrine precludes this Court from revisiting Plaintiff's argument. Dkt. No. 10 at 5. The Commissioner misconstrues the doctrine. The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that *same* court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations omitted) (emphasis added). Application of the doctrine is discretionary. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Because a different district court made prior findings regarding the ALJ's rejection of Plaintiff's

testimony, this Court declines to apply the doctrine and will thus assess whether the ALJ properly assessed Plaintiff's testimony.

Here, the ALJ rejected Plaintiff's testimony regarding her migraines because of its inconsistency with the objective medical evidence, particularly Plaintiff's conservative course of treatment and self-reports. *See* Dkt. No. 7-19 at 15. As discussed in the previous section, Plaintiff's record shows she reported a noticeable improvement in her migraines after undergoing acupuncture, massages, and medication, with the frequency of her headaches decreasing from daily to a couple of times a week. *See* Dkt. No. 7-7 at 113, 303, 305–06, 365, 374, 377, 380–81; Dkt. No. 7-13 at 13. And by March 2015, Plaintiff reported having no headaches after her treatment. Dkt. No. 10 at 3, 6 (citing Dkt. No. 7-13 at 13). Given that Plaintiff's own reports undermine her testimony, the ALJ could reasonably reject her testimony based on its inconsistency with the record. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

The ALJ also rejected Plaintiff's testimony because of her activities of daily living. *See* Dkt. No. 7-19 at 15. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ pointed out that in addition to household chores, Plaintiff read, watched movies, participated in her synagogue and joined the choir, engaged in fiber arts and photography, and played guitar. *See* Dkt. No. 7-19 at 15. Plaintiff's ability to engage in activities that reflect more than "the basic elements of living a normal life" is a reasonable basis for rejecting Plaintiff's migraine symptom testimony. *See*

ORDER AFFIRMING DENIAL OF BENEFITS - 10

*Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

In her reply, Plaintiff attempts to change her argument by asserting that the ALJ actually credited her testimony because at step two of the sequential evaluation process, the ALJ found her migraines to be "severe." Dkt. No. 11 at 2–4; Dkt. No. 7-19 at 8–9; 20 C.F.R. §§ 404.1520(c), 416.920(c). According to Plaintiff, this required the ALJ to include greater migraine restrictions in her RFC. Dkt. No. 11 at 4. Plaintiff's argument fails for two reasons. First, as just discussed, it is clear from the record that while the ALJ acknowledged that Plaintiff's impairments "could reasonably be expected to cause" Plaintiff's alleged symptoms, the ALJ nonetheless rejected Plaintiff's testimony because her statements regarding the "intensity, persistence and limiting effects" of her symptoms were not "entirely consistent with the medical evidence and other evidence in the record." Dkt. No. 7-19 at 11. Second, that the ALJ found Plaintiff's migraines "severe" at step two does not mean the ALJ was required to include greater limitations Plaintiff's RFC. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck*, 869 F.3d at 1048 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. At the RFC phase, the ALJ must still consider the claimant's limitations from all impairments, whether or not they are severe. *Id.* at 1049. Here, the ALJ considered Plaintiff's migraines by limiting her to moderate or quieter noise environments, and this limitation is supported by the record. Therefore, the Court rejects Plaintiff's argument.

C.      **Lay Witness Testimony**

Plaintiff also appears to contend that the ALJ erred in evaluating the testimony of her son, roommate, and partner, all of whom testified about Plaintiff's migraines. *See* Dkt. No. 7-6 at 35,

50; Dkt. No. 7-12 at 24.

Plaintiff filed her applications before March 27, 2017. *See* Dkt. No. 7-5 at 3–4, 15–20. Under the medical evidence rules applicable to cases filed before March 27, 2017, in determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r SSA*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Lay witness statements regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ cannot disregard competent lay witness evidence without comment. *Rounds*, 807 F.3d at 1007.

Here, the ALJ discounted the lay witness testimony for the same reasons the ALJ rejected Plaintiff's testimony. *See* Dkt. No. 7-19 at 20. The Court has found that the ALJ properly rejected Plaintiff's testimony. *See supra* Section III.B. As the lay witness testimony is substantially similar to the Plaintiff's testimony, the reasons the Court found proper in rejecting Plaintiff's testimony are also proper in finding the lay witness testimony unpersuasive. *See Valentine v. Comm'r SSA*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that when the testimony of a claimant and lay witness are similar, and the ALJ provides a "clear and convincing reason" to reject a claimant's testimony, that reason is also "germane" enough to reject lay witness testimony). Thus, the Court finds the ALJ did not err in discounting the lay witness testimony.

**D.    Listing 11.02**

At step three, the ALJ determines if a claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listing"). *See Tackett v.*

*Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Listing describes specific impairments of each of the major body systems which are considered "severe enough to prevent a person from doing any gainful activity." *See also Tackett*, 180 F.3d at 1099. The claimant bears the burden of proof regarding whether or not she has an impairment that meets or equals the Listings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The claimant meets this burden by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact but must demonstrate that the impairment equals each criterion in the Listing. *Id.* The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 683. If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *See Tackett*, 180 F.3d at 1100.

Plaintiff contends the ALJ erred in finding that her migraines did not equal Listing 11.02.[2] A claimant's impairment of chronic migraines medically equals Listing 11.02(B) (formerly Listing 11.03) when:

> A claimant has chronic migraine headaches for which she sees her treating doctor on a regular basis. Her symptoms include aura, alteration of awareness, and intense headache with throbbing and severe pain. She has nausea and photophobia

---

[2] The ALJ actually found that Plaintiff did not meet Listing 11.03, which "is the most closely analogous listed impairment" to migraine headaches. *See Edwards v. Colvin*, No. 3:14-CV-05338-KLS, 2014 WL 7156846, at *3 (W.D. Wash. Dec. 15, 2014); Dkt. No. 7-19 at 9. "New neurological listing went into effect on January 17, 2017 and listing 11.03 was rendered obsolete." *Daphne C. v. Comm'r of Soc. Sec.*, No. 2:17-CV-01593-TLF, 2018 WL 5919687, at *12 n. 3 (W.D. Wash. Nov. 13, 2018). Listing 11.02, the current listing in effect at the time of the ALJ's decision, "is a single, consolidated epilepsy listing, which effectively incorporates Listing 11.03 at section B." *See id.*

> and must lie down in a dark and quiet room for relief. Her headaches last anywhere from 4 to 72 hours and occur at least 2 times or more weekly. Due to all of her symptoms, she has difficulty performing her [activities of daily living (ADLs)]. The claimant takes medication as her doctor prescribes.

*See Daphne C. v. Comm'r of Soc. Sec.,* No. 2:17-CV-01593-TLF, 2018 WL 5919687, at *13 (W.D. Wash. Nov. 13, 2018) (citing POMS DI 24505.015(B)(7)(b)).[3]

Here, Plaintiff generally states that the ALJ erred in finding she did not meet Listing 11.02(B) because "[t]he evidence established [her] long-standing problems with migraines," but she fails to show which parts of the record the ALJ disregarded. Dkt. No. 9 at 15. Aside from her own functional report and headache questionnaire (Dkt. No. 7-6 at 57–65; Dkt. No. 9 at 11), Plaintiff does not point anywhere in the record to show that her symptoms included aura, alteration of awareness, and intense headaches, or that she required lying down in a dark and quiet room for relief. Instead, Plaintiff's record shows she reported a noticeable improvement from her migraines from acupuncture, massages, and medication, and that the frequency of her headaches decreased from daily to a couple of times a week (and appeared to have ceased by March 2015). *See* Dkt. No. 7-7 at 113, 303, 305–06, 365, 374, 377, 380–81; Dkt. No. 7-13 at 13. Further, as discussed *supra* Section III.B, Plaintiff was able to perform household chores, as well as engage in several activities that reflect more than "the basic elements of living a normal life," *see Vertigan* 260 F.3d at 1050, including participating in her synagogue and choir, arts, photography, and music. Thus, the Court finds the ALJ could reasonably conclude that she did not meet Listing 11.02.

### E.     Step Five

At step five of the sequential evaluation process, the ALJ has the burden of determining

---

[3] The POMS, or Program Office Manual System, "does not have the force of law," but is deemed to be "persuasive authority" in the Ninth Circuit. *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

whether "the claimant can perform a significant number of other jobs in the national economy." *See Ford*, 950 F.3d at 1149. If the claimant is not able to do so, the ALJ must find the claimant disabled. *Id*. The ALJ meets the burden of showing that there is other work in "significant numbers" in the national economy (1) by utilizing the testimony of a vocational expert ("VE"), or (2) by referring to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, Subpart P, Appendix 2. *See also Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Here, in finding that Plaintiff could perform other work, the ALJ relied on the VE, who testified that based on the ALJ's assessment of Plaintiff's limitations, Plaintiff could perform the occupations of routing clerk (DOT 222.687-022), collator operator (DOT 208.685-010), router (DOT 222.567-034), or marking clerk (DOT 209.587-034). Dkt. No. 7-19 at 22, 78–79. Plaintiff contends the ALJ erred in doing so because these jobs require Reasoning Level 2, that is the ability to understand, remember, and apply detailed instructions, and thus contradicts with the ALJ's assessment that Plaintiff be limited to "simple, routine and repetitive tasks." Dkt. No. 7-19 at 11, 78–79; Dkt. No. 9 at 15–18.

Plaintiff correctly points out that the jobs of routing clerk, collator operator, router, or marking clerk require Reasoning Level 2, but that does not mean they are in conflict with the ALJ's assessment that Plaintiff be limited to "simple, routine, repetitive tasks." *See* Dkt. No. 9 at 16–17. In *Ranstrom v. Colvin*, 622 F. App'x 687, 688 (9th Cir. 2015), the Ninth Circuit found that "[t]here is no appreciable difference between the ability to make simple decisions based on 'short simple instructions and the ability to use commonsense understanding to carry out 'detailed but *uninvolved* . . . instructions,' which is what Reasoning Level 2 requires." *See also Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008) (finding no conflict between the ALJ's determination that claimant could complete only simple tasks and VE's testimony that claimant

ORDER AFFIRMING DENIAL OF BENEFITS - 15

could do jobs with Reasoning Level 2 because Reasoning Level 2 jobs require "uninvolved written or oral instructions"). The Fourth, Eighth, and Eleventh Circuits have reached the same conclusion in published opinions. *See Buckwalter v. Acting Commissioner of Social Sec.*, 5 F.4th 1315, 1321-1324 (11th Cir. 2021); *Lawrence v. Saul*, 941 F.3d 140 (4th Cir. 2019); *Moore v. Astrue*, 623 F.3d 599 (8th Cir. 2010). The Court finds the ALJ's step five findings were not erroneous.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 20th day of April 2023.

Tana Lin
United States District Judge